**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
WILLIAM VIVIDOR, CARLOS GAITAN,
*on behalf of themselves*
*and others similarly situated*,

       *Plaintiffs*,

   v.

JEFFERY EVANS, EVANS & PAUL LLC,
E&P HOLDINGS 1, LLC,
EVANS & PAUL UNLIMITED CORP.,

       *Defendants*.
-------------------------------------------------------------X

**FILED**
**CLERK**

**4/24/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**

25-cv-6598 (NJC) (JMW)

**A P P E A R A N C E S:**

  Marcus Monteiro, Esq.
  **Monteiro & Fishman LLP**
  91 N Franklin Street, Suite 108
  Hempstead, NY 11550
  *Attorney for Plaintiffs*

  Yale Pollack, Esq.
  **Law Offices of Yale Pollack, P.C.**
  66 Split Rock Road
  Syosset, NY 11779
  *Attorney for Defendants*

**WICKS,** Magistrate Judge:

Plaintiffs bring this collective action under the Fair Labor Standards Act ("FLSA") for

unpaid wages for overtime work performed, liquidated damages, attorneys' fees, interest, and all

costs in this action; and under the New York Labor Law ("NYLL") for unpaid wages for

overtime work, unpaid spread of wages for each day Plaintiffs worked ten or more hours, unpaid

minimum wages, liquidated damages for failure to pay overtime premium and spread of hours

pay, liquidated damages for failure to furnish Plaintiffs a notice at the time of hiring, attorneys' fees, interest, damages for falsely filing tax returns, and all costs and disbursements associated with this action.  (*See generally* ECF No. 1.)  Presently before the Court is Plaintiffs' motion to compel so-called "class discovery."  (ECF No. 10.)  Specifically, Plaintiffs seek "the initials and job titles of all employees from April 17, 2019."  (*Id.* at 4.)  For the reasons outlined below, Plaintiffs' motion is **DENIED** without prejudice to renew at a later juncture.

## BACKGROUND

Plaintiffs filed the Complaint on November 26, 2026.  (ECF No. 1.)  The Court held an initial conference on January 28, 2026, at which a discovery schedule was entered.  (ECF No. 7.)  Defendants filed their Answer to the Complaint on January 30, 2026.  (ECF No. 8.)

Barely a week later, on February 5, 2026, Plaintiffs filed the present motion to compel.  (ECF No. 10.)  Defendants responded on February 27, 2026 (ECF No. 12); the Court held oral argument on March 13, 2026 (*see* Electronic Minute Order dated March 13, 2026); and the parties filed, with the Court's permission, supplemental briefing on March 18, 2026 (ECF Nos. 13–14).

## LEGAL STANDARD

"Motions to compel are left to the court's sound discretion."  *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see also, e.g.*, *Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").  The permissible scope of the discovery is clear:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). That said, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92 Civ. 8430 (PKL), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06 Civ. 460(RWS), 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). "Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Fireman's Fund Insurance Co. v. Great American Insurance Co. of New York,* 284 F.R.D. 132, 135 (S.D.N.Y 2012) (internal quotation marks omitted).

## **DISCUSSION**

Plaintiffs request the initials and job titles of all employees (except those who worked solely in administrative or ownership capacities) who worked for Defendants during the putative Class Period, which, according to Plaintiffs, runs from April 27, 2019. (ECF No. 10; ECF No. 13 at 4.) The reason they need this information, they say, is that it will be "instrumental in determining the viability of Plaintiffs' class and collective claims and the appropriateness of certification." (ECF No. 10 at 2.) More specifically, they note that the Court-ordered discovery schedule requires the parties to attempt to settle the case early (*see* ECF No. 7, ¶ 3), but they feel they "**cannot** settle this claim without some basic information as to whether a class is appropriate or not." (ECF No. 10 at 2 (emphasis in original).)

"Pre-class certification discovery 'is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate' in light of the requirements set out in Rule 23." *Ding v. Mask Pot Inc.*, 347 F.R.D. 417, 437 (E.D.N.Y. 2024) (quoting *Singh v. Anmol Food Mart, Inc.*, No. 22-CV-5475 (RER) (JAM), 2024 WL 308241, at *5 (E.D.N.Y. Jan. 26, 2024)); *see also Wilk v. Quality Installations of NY, Inc.*, 724 F. Supp. 3d 76, 91 (E.D.N.Y. 2024) ("Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action.") (citation omitted). At the same time, however, "courts have refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify new clients, rather than to establish the appropriateness of certification." *Beaton v. Verizon New York, Inc.*, No. 20-CV-672 (BMC), 2020 WL 6449235, at *3 (E.D.N.Y. Nov. 3, 2020) (citation omitted). The call is discretionary.

Plaintiffs point to a bevy of cases that seemingly permit the kind of discovery they seek here. *See Khan v. Port Washington Hosp. LLC*, No. 24-CV-1064(JMA)(SIL), 2025 WL 2664020, at *4 (E.D.N.Y. Sept. 17, 2025) (granting class discovery); *Lopez v. Thermo Tech Mech. Inc.*, No. 20-CV-9113 (LTS) (BCM), 2023 WL 3756883, at *7 (S.D.N.Y. May 31, 2023) (same); *Thompson v. Glob. Contact Servs., LLC*, No. 20-CV-651-MKB-SJB, 2021 WL 1103029, at *2 (E.D.N.Y. Feb. 16, 2021) (same); *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 477 (S.D.N.Y. 2016) (same).

On the other side of the ledger, Defendants point to cases denying same. *See Rouse v. 1 Life Fire Safety, Corp.*, No. 24 CV 4850 (AMD) (CLP), 2025 WL 2997284, at *5 (E.D.N.Y. Oct.

4

24, 2025) (denying class discovery); *Heras v. Metro. Learning Inst.*, No. 19-CV-2694 (DG), 2021 WL 3269056, at *2 (E.D.N.Y. July 30, 2021); *Beaton*, 2020 WL 6449235, at *3 (same).[1]

A careful review of the authority presented, however, reveals that the major distinction is the phase of litigation at which these motions were decided. Plaintiffs rely on cases decided in conjunction with a class-certification motion. This is explicit in *Benavides*: "*Because the Court grants the motion for certification*, Benavides is entitled to production of contact information and documents relating to compensation for all employees who fall within the scope of the conditionally certified collective action." 166 F. Supp. 3d at 477 (emphasis added); *see also Lopez*, 2023 WL 3756883, at *7 (decided together with conditional certification); *Thompson*, 2021 WL 1103029, at *2 (same).

Other cases, not cited by either party here, corroborate this pattern. *See Washington v. Green Trips Inc.*, No. 24 CIV. 3585 (DG) (VMS), 2025 WL 3687784, at *9 (E.D.N.Y. Dec. 19, 2025) ("*Because the Court grants the Motion to Certify* and directs production of information related to the potential collective, the Motion to Compel is granted with respect to the request for production of discovery regarding potential collective members . . . as necessary for the Notice to be disseminated."); *see also Melgadejo v. S & D Fruits & Vegetables Inc.*, No. 12 CIV. 6852 RA HBP, 2013 WL 5951189, at *7 (S.D.N.Y. Nov. 7, 2013) (noting that contact information is relevant "in order to ensure that notice is received" and that disclosure is "commonplace . . . because such information is essential to identifying and notifying potential opt-in plaintiffs").

---

[1] Plaintiffs argue that *Beaton* is distinguishable because the plaintiffs there sought "names, addresses, emails, and phone numbers." 2020 WL 6449235, at *2. Here, by contrast, Plaintiffs seek "no contact information whatsoever" (ECF No. 10 at 2), so there is less concern that Plaintiffs will use this information illicitly to identify new clients. *See Beaton*, 2020 WL 6449235, at *3 (noting "concern that plaintiffs' attorneys may be seeking such information to identify new clients, rather than to establish the appropriateness of certification"). This distinction rings hollow. Even with just initials and job titles, Plaintiffs could easily piece together the full identities of Defendants' employees.

Even where the motion for class certification was denied, courts still found it to influence the concurrent motion for class discovery. Hence *Khan* noted that "*when conditional certification is denied*, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in." 2025 WL 2664020, at *4 (citation modified; emphasis added).

The flip side is also true. In *Rouse*, the court expressly based its denial of the class-discovery motion on the absence of a class-certification motion. *See* 2025 WL 2997284, at *5 ("Plaintiff has not yet moved for conditional certification of the class and discovery into potential class members is premature.").

In a similar vein, courts consider the progress of discovery. Hence the court in *Heras* rejected the motion for class discovery because the plaintiff "failed to demonstrate that the discovery . . . could not be obtained through alternative means, such as interrogatories . . . and/or Rule 30(b)(6) depositions." 2021 WL 3269056, at *2; *accord Ding*, 347 F.R.D. at 438 ("While the parties have engaged in some traditional methods of discovery, it remains unclear what discovery the parties have obtained and what remains pending. As a result, Plaintiffs' request for contact information of the putative Rule 23 class members is premature and the motion is denied without prejudice and with leave to renew."); *see also Lopez*, 2023 WL 3756883, at *8 ("To the extent this information is relevant to plaintiff's potential class certification motion, it can be obtained more economically from defendants' payroll records and related documents.").

Here, as noted above, Plaintiffs filed this motion on February 5, 2026—just days after Defendants answered the Complaint. That was a month before the *earliest* deadline under the Discovery Order, namely, the exchange of initial disclosures by March 2, 2026. (ECF No. 7, ¶ 1.) Moving to compel before so much as serving interrogatories is premature, to say the least.

As Defendants correctly point out, Plaintiffs "are free to seek discovery of Defendants' written wage-and-hour policies, compensation schedules, payroll practices, and time-keeping procedures, none of which require identification of individual employees, even by initials. Once Plaintiffs build that foundation, the question of whether employee-level data is then warranted can be revisited." (ECF No. 12 at 3.)

## **CONCLUSION**

Plaintiffs' motion filed at ECF No. 10 is, therefore, denied without prejudice. Plaintiffs have leave to renew this motion at a later stage in the proceedings, if necessary. *Beaton*, 2020 WL 6449235, at *3.

Dated: Central Islip, New York
April 24, 2026

**S O  O R D E R E D:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States District Judge