**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

WILLIAM VIVIDOR and CARLOS GAITAN, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

JEFFERY EVANS, EVANS & PAUL LLC, E&P HOLDINGS 1, LLC, and EVANS & PAUL UNLIMITED CORP.,

Defendants.

**25-cv-06598-NJC-JMW**

**PLAINTIFFS FIRST REQUEST FOR ADMISSIONS**

PLEASE TAKE NOTICE, Plaintiff, Class Plaintiffs, and Opt-in Plaintiffs, by their attorneys, MONTEIRO & FISHMAN LLP, hereby request pursuant to the Federal Rules of Civil Procedure Rules (hereinafter "FRCP") 26 and 36, which are incorporated by reference herein, that Defendant, EVANS & PAUL UNLIMITED CORP ("Defendant" or "CORP."), within thirty (30) days after service of this request, admit, for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial the following:

**REQUESTS FOR ADMISSIONS**

1. Admit that JEFFERY EVANS ("EVANS") operates a business known as EVANS & PAUL which has a business address at 140 Dupont Street, Plainview, NY 11803 ("E&P").

2. Admit that EVANS operated a business located at 140 Dupont Street, Plainview, NY 11803 ("E&P").

3. Admit that CORP. is the corporate entity that does or did business as E&P.

4. Admit that EVANS has/had an ownership interest in the business located at 140 Dupont Street, Plainview, NY.

5. Admit that EVANS has or had an interest in CORP. .

6. Admit that EVANS had the authority to hire and fire employees of CORP. in 2018, whether exercised or not.

7. Admit that EVANS had the authority to hire and fire employees of CORP. in 2019, whether exercised or not.

8. Admit that EVANS had the authority to hire and fire employees of CORP. in 2020, whether exercised or not.

9. Admit that EVANS has the authority to hire and fire employees of CORP. in 2021, whether exercised or not.

10. Admit that EVANS has the authority to hire and fire employees of CORP. in 2022, whether exercised or not.

11. Admit that EVANS has the authority to hire and fire employees of CORP. in 2023, whether exercised or not.

12. Admit that EVANS has the authority to hire and fire employees of CORP. in 2024, whether exercised or not.

13. Admit that EVANS has the authority to hire and fire employees of CORP. in 2025, whether exercised or not.

14. Admit that EVANS has the authority to hire and fire employees of CORP. in 2026, whether exercised or not.

15. Admit that EVANS had the authority to set the wages of employees of CORP. in 2018, whether exercised or not.

16. Admit that EVANS had the authority to set the wages of employees of CORP. in 2019, whether exercised or not.

17. Admit that EVANS had the authority to set the wages of employees of CORP. in 2020, whether exercised or not.

18. Admit that EVANS had the authority to set the wages of employees of CORP. in 2021, whether exercised or not.

19. Admit that EVANS had the authority to set the wages of employees of CORP. in 2022, whether exercised or not.

20. Admit that EVANS had the authority to set the wages of employees of CORP. in 2023, whether exercised or not.

21. Admit that EVANS had the authority to set the wages of employees of CORP. in 2024, whether exercised or not.

22. Admit that EVANS had the authority to set the wages of employees of CORP. in 2025, whether exercised or not.

23. Admit that EVANS had the authority to set the wages of employees of CORP. in 2026, whether exercised or not.

24. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2018, whether exercised or not.

25. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2019, whether exercised or not.

26. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2020, whether exercised or not.

27. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2021, whether exercised or not.

28. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2022, whether exercised or not.

29. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2023, whether exercised or not.

30. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2024, whether exercised or not.

31. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2025, whether exercised or not.

32. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2026, whether exercised or not.

33. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2018, whether exercised or not.

34. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2019, whether exercised or not.

35. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2020, whether exercised or not.

36. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2021, whether exercised or not.

37. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2022, whether exercised or not.

38. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2023, whether exercised or not.

39. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2024, whether exercised or not.

40. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2025, whether exercised or not.

41. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2026, whether exercised or not.

42. Admit that EVANS had the authority to hire and fire employees of E&P in 2018, whether exercised or not.

43. Admit that EVANS had the authority to hire and fire employees of E&P in 2019, whether exercised or not.

44. Admit that EVANS had the authority to hire and fire employees of E&P in 2020, whether exercised or not.

45. Admit that EVANS had the authority to hire and fire employees of E&P in 2021, whether exercised or not.

46. Admit that EVANS had the authority to hire and fire employees of E&P in 2022, whether exercised or not.

47. Admit that EVANS had the authority to hire and fire employees of E&P in 2023, whether exercised or not.

48. Admit that EVANS had the authority to hire and fire employees of E&P in 2024, whether exercised or not.

49. Admit that EVANS had the authority to hire and fire employees of E&P in 2025, whether exercised or not.

50. Admit that EVANS had the authority to hire and fire employees of E&P in 2026, whether exercised or not.

51. Admit that EVANS had the authority to set the wages of employees of E&P in 2018, whether exercised or not.

52. Admit that EVANS had the authority to set the wages of employees of E&P in 2019, whether exercised or not.

53. Admit that EVANS had the authority to set the wages of employees of E&P in 2020, whether exercised or not.

54. Admit that EVANS had the authority to set the wages of employees of E&P in 2021, whether exercised or not.

55. Admit that EVANS had the authority to set the wages of employees of E&P in 2022, whether exercised or not.

56. Admit that EVANS has the authority to set the wages of employees of E&P in 2023, whether exercised or not.

57. Admit that EVANS has the authority to set the wages of employees of E&P in 2024, whether exercised or not.

58. Admit that EVANS has the authority to set the wages of employees of E&P in 2025, whether exercised or not.

59. Admit that EVANS has the authority to set the wages of employees of E&P in 2026, whether exercised or not.

60. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2018, whether exercised or not.

61. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2019, whether exercised or not.

62. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2020, whether exercised or not.

63. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2021, whether exercised or not.

64. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2022, whether exercised or not.

65. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2023, whether exercised or not.

66. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2024, whether exercised or not.

67. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2025, whether exercised or not.

68. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2026, whether exercised or not.

69. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2018.

70. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2019.

71. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2020.

72. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2021.

73. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2022.

74. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2023.

75. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2024.

76. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2025.

77. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2026.

78. Admit the Plaintiff, WILLIAM VIVIDOR ("WILLIAM") worked for an entity known as CORP. .

79. Admit Plaintiff WILLIAM worked for CORP. during calendar year 2022.

80. Admit Plaintiff WILLIAM worked for CORP. during calendar year 2023.

81. Admit Plaintiff WILLIAM worked for CORP. during calendar year 2024.

82. Admit Plaintiff WILLIAM worked for CORP. during calendar year 2025.

83. Admit Plaintiff WILLIAM worked for E&P during calendar year 2022.

84. Admit Plaintiff WILLIAM worked for E&P during calendar year 2023.

85. Admit Plaintiff WILLIAM worked for E&P during calendar year 2024.

86. Admit Plaintiff WILLIAM worked for E&P during calendar year 2025.

87. Admit that CORP. paid WILLIAM in cash, either partly or in full, during his employment.

88. Admit that WILLIAM did not supervise any other employee and had no supervisory authority whatsoever over any other person working for CORP. .

89. Admit that in 2022, CORP. did not maintain accurate time records indicating all hours WILLIAM worked.

90. Admit that in 2023, CORP. did not maintain accurate time records indicating all hours WILLIAM worked.

91. Admit that in 2024, CORP. did not maintain accurate time records indicating all hours WILLIAM worked.

92. Admit that in 2025, CORP. did not maintain accurate time records indicating all hours WILLIAM worked.

93. Admit that in 2022, CORP. did not maintain payroll records indicating all wages paid to WILLIAM.

94. Admit that in 2023, CORP. did not maintain payroll records indicating all wages paid to WILLIAM.

95. Admit that in 2024, CORP. did not maintain payroll records indicating all wages paid to WILLIAM.

96. Admit that in 2025, CORP. did not maintain payroll records indicating all wages paid to WILLIAM.

97. Admit the Plaintiff, CARLOS GAITAN ("CARLOS) worked for an entity known as CORP. .

98. Admit CARLOS worked for CORP. during calendar year 2025.

99. Admit CARLOS worked for E&P during calendar year 2025.

100. Admit Plaintiff CARLOS worked for an entity known as CORP. during calendar year 2025.

101. Admit that CORP. paid CARLOS in cash, either partly or in full, during his employment.

102. Admit that CARLOS did not supervise any other employee and had no supervisory authority whatsoever over any other person working for CORP.

103. Admit that in 2025, CORP. did not maintain accurate time records indicating all hours CARLOS worked.

104. Admit that in 2022, CORP. did not maintain payroll records indicating all wages paid to CARLOS.

105. Admit the Plaintiff JUAN DIAZ ("DIAZ") worked for CORP. .

106. Admit Plaintiff DIAZ worked for CORP. during calendar year 2023.

107. Admit Plaintiff DIAZ worked for CORP. during calendar year 2024.

108. Admit Plaintiff DIAZ worked for CORP. during calendar year 2025.

109. Admit that CORP. paid DIAZ in cash, either partly or in full, during his employment.

110. Admit that in 2023, CORP. did not maintain accurate time records indicating all hours DIAZ worked.

111. Admit that in 2024, CORP. did not maintain accurate time records indicating all hours DIAZ worked.

112. Admit that in 2025, CORP. did not maintain accurate time records indicating all hours DIAZ worked.

113. Admit that in 2023, CORP. did not maintain payroll records indicating all wages paid to DIAZ.

114. Admit that in 2024, CORP. did not maintain payroll records indicating all wages paid to DIAZ.

115. Admit that in 2025, CORP. did not maintain payroll records indicating all wages paid to DIAZ.

116. Admit the Plaintiff LUIS JIMENEZ ("JIMENEZ") worked for CORP. .

117. Admit Plaintiff JIMENEZ worked for CORP. during calendar year 2020.

118. Admit Plaintiff JIMENEZ worked for CORP. during calendar year 2023.

119. Admit Plaintiff JIMENEZ worked for CORP. during calendar year 2024.

120. Admit Plaintiff JIMENEZ worked for CORP. during calendar year 2025.

121. Admit that CORP. paid JIMENEZ in cash, either partly or in full, during his employment.

122. Admit that in 2020, CORP. did not maintain accurate time records indicating all hours JIMENEZ worked.

123. Admit that in 2023, CORP. did not maintain accurate time records indicating all hours JIMENEZ worked.

124. Admit that in 2024, CORP. did not maintain accurate time records indicating all hours JIMENEZ worked.

125. Admit that in 2025, CORP. did not maintain accurate time records indicating all hours JIMENEZ worked.

126. Admit that in 2020, CORP. did not maintain payroll records indicating all wages paid to JIMENEZ.

127. Admit that in 2023, CORP. did not maintain payroll records indicating all wages paid to JIMENEZ.

128. Admit that in 2024, CORP. did not maintain payroll records indicating all wages paid to JIMENEZ.

129. Admit that in 2025, CORP. did not maintain payroll records indicating all wages paid to JIMENEZ.

Dated: June 3, 2026

Respectfully submitted,

By: /s/____________________

Marcus Monteiro, Esq.
*mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Telephone: (516) 280.4600
**Attorneys for Plaintiff**

Collective Plaintiffs and
Class Plaintiffs

To: **BY EMAIL**

Maurizio Savoiardo
MIRANDA SLONG SKLARIN VERVENIOTIS
240 Mineola Blvd.
Mineola, NY 11501
Attorneys for Defendants
msavoiardo@msssv.com
nkitevski@msssv.com
**Attorneys for Defendants**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

WILLIAM VIVIDOR and CARLOS GAITAN, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

JEFFERY EVANS, EVANS & PAUL LLC, E&P HOLDINGS 1, LLC, and EVANS & PAUL UNLIMITED CORP.,

Defendants.

**25-cv-06598-NJC-JMW**

## PLAINTIFFS FIRST REQUEST FOR ADMISSIONS

PLEASE TAKE NOTICE, Plaintiff, Class Plaintiffs, and Opt-in Plaintiffs, by their attorneys, MONTEIRO & FISHMAN LLP, hereby request pursuant to the Federal Rules of Civil Procedure Rules (hereinafter "FRCP") 26 and 36, which are incorporated by reference herein, that Defendant, E&P HOLDINGS 1, LLC ("Defendant" or "LLC"), within thirty (30) days after service of this request, admit, for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial the following:

## REQUESTS FOR ADMISSIONS

1. Admit that JEFFERY EVANS ("EVANS") operates a business known as EVANS & PAUL which has a business address at 140 Dupont Street, Plainview, NY 11803 ("E&P").

2. Admit that EVANS operated a business located at 140 Dupont Street, Plainview, NY 11803 ("E&P").

3. Admit that LLC is the corporate entity that does or did business as E&P.

4. Admit that EVANS has/had an ownership interest in the business located at 140 Dupont Street, Plainview, NY.

5. Admit that EVANS has an interest in LLC

6. Admit that EVANS had the authority to hire and fire employees of LLC in 2018, whether exercised or not.

7. Admit that EVANS had the authority to hire and fire employees of LLC in 2019, whether exercised or not.

8. Admit that EVANS had the authority to hire and fire employees of LLC in 2020, whether exercised or not.

9. Admit that EVANS has the authority to hire and fire employees of LLC in 2021, whether exercised or not.

10. Admit that EVANS has the authority to hire and fire employees of LLC in 2022, whether exercised or not.

11. Admit that EVANS has the authority to hire and fire employees of LLC in 2023, whether exercised or not.

12. Admit that EVANS has the authority to hire and fire employees of LLC in 2024, whether exercised or not.

13. Admit that EVANS has the authority to hire and fire employees of LLC in 2025, whether exercised or not.

14. Admit that EVANS has the authority to hire and fire employees of LLC in 2026, whether exercised or not.

15. Admit that EVANS had the authority to set the wages of employees of LLC in 2018, whether exercised or not.

16. Admit that EVANS had the authority to set the wages of employees of LLC in 2019, whether exercised or not.

17. Admit that EVANS had the authority to set the wages of employees of LLC in 2020, whether exercised or not.

18. Admit that EVANS had the authority to set the wages of employees of LLC in 2021, whether exercised or not.

19. Admit that EVANS had the authority to set the wages of employees of LLC in 2022, whether exercised or not.

20. Admit that EVANS had the authority to set the wages of employees of LLC in 2023, whether exercised or not.

21. Admit that EVANS had the authority to set the wages of employees of LLC in 2024, whether exercised or not.

22. Admit that EVANS had the authority to set the wages of employees of LLC in 2025, whether exercised or not.

23. Admit that EVANS had the authority to set the wages of employees of LLC in 2026, whether exercised or not.

24. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2018, whether exercised or not.

25. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2019, whether exercised or not.

26. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2020, whether exercised or not.

27. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2021, whether exercised or not.

28. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2022, whether exercised or not.

29. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2023, whether exercised or not.

30. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2024, whether exercised or not.

31. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2025, whether exercised or not.

32. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2026, whether exercised or not.

33. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2018, whether exercised or not.

34. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2019, whether exercised or not.

35. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2020, whether exercised or not.

36. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2021, whether exercised or not.

37. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2022, whether exercised or not.

38. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2023, whether exercised or not.

39. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2024, whether exercised or not.

40. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2025, whether exercised or not.

41. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2026, whether exercised or not.

42. Admit that EVANS had the authority to hire and fire employees of E&P in 2018, whether exercised or not.

43. Admit that EVANS had the authority to hire and fire employees of E&P in 2019, whether exercised or not.

44. Admit that EVANS had the authority to hire and fire employees of E&P in 2020, whether exercised or not.

45. Admit that EVANS had the authority to hire and fire employees of E&P in 2021, whether exercised or not.

46. Admit that EVANS had the authority to hire and fire employees of E&P in 2022, whether exercised or not.

47. Admit that EVANS had the authority to hire and fire employees of E&P in 2023, whether exercised or not.

48. Admit that EVANS had the authority to hire and fire employees of E&P in 2024, whether exercised or not.

49. Admit that EVANS had the authority to hire and fire employees of E&P in 2025, whether exercised or not.

50. Admit that EVANS had the authority to hire and fire employees of E&P in 2026, whether exercised or not.

51. Admit that EVANS had the authority to set the wages of employees of E&P in 2018, whether exercised or not.

52. Admit that EVANS had the authority to set the wages of employees of E&P in 2019, whether exercised or not.

53. Admit that EVANS had the authority to set the wages of employees of E&P in 2020, whether exercised or not.

54. Admit that EVANS had the authority to set the wages of employees of E&P in 2021, whether exercised or not.

55. Admit that EVANS had the authority to set the wages of employees of E&P in 2022, whether exercised or not.

56. Admit that EVANS has the authority to set the wages of employees of E&P in 2023, whether exercised or not.

57. Admit that EVANS has the authority to set the wages of employees of E&P in 2024, whether exercised or not.

58. Admit that EVANS has the authority to set the wages of employees of E&P in 2025, whether exercised or not.

59. Admit that EVANS has the authority to set the wages of employees of E&P in 2026, whether exercised or not.

60. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2018, whether exercised or not.

61. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2019, whether exercised or not.

62. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2020, whether exercised or not.

63. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2021, whether exercised or not.

64. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2022, whether exercised or not.

65. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2023, whether exercised or not.

66. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2024, whether exercised or not.

67. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2025, whether exercised or not.

68. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2026, whether exercised or not.

69. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2018.

70. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2019.

71. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2020.

72. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2021.

73. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2022.

74. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2023.

75. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2024.

76. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2025.

77. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2026.

78. Admit the Plaintiff, WILLIAM VIVIDOR ("WILLIAM") worked for an entity known as LLC.

79. Admit Plaintiff WILLIAM worked for LLC during calendar year 2022.

80. Admit Plaintiff WILLIAM worked for LLC during calendar year 2023.

81. Admit Plaintiff WILLIAM worked for LLC during calendar year 2024.

82. Admit Plaintiff WILLIAM worked for LLC during calendar year 2025.

83. Admit Plaintiff WILLIAM worked for E&P during calendar year 2022.

84. Admit Plaintiff WILLIAM worked for E&P during calendar year 2023.

85. Admit Plaintiff WILLIAM worked for E&P during calendar year 2024.

86. Admit Plaintiff WILLIAM worked for E&P during calendar year 2025.

87. Admit that LLC paid WILLIAM in cash, either partly or in full, during his employment.

88. Admit that WILLIAM did not supervise any other employee and had no supervisory authority whatsoever over any other person working for LLC.

89. Admit that in 2022, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

90. Admit that in 2023, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

91. Admit that in 2024, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

92. Admit that in 2025, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

93. Admit that in 2022, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

94. Admit that in 2023, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

95. Admit that in 2024, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

96. Admit that in 2025, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

97. Admit the Plaintiff, CARLOS GAITAN ("CARLOS) worked for an entity known as LLC.

98. Admit CARLOS worked for LLC during calendar year 2025.

99. Admit CARLOS worked for E&P during calendar year 2025.

100. Admit Plaintiff CARLOS worked for an entity known as LLC during calendar year 2025.

101. Admit that LLC paid CARLOS in cash, either partly or in full, during his employment.

102. Admit that CARLOS did not supervise any other employee and had no supervisory authority whatsoever over any other person working for LLC.

103. Admit that in 2025, LLC did not maintain accurate time records indicating all hours CARLOS worked.

104. Admit that in 2022, LLC did not maintain payroll records indicating all wages paid to CARLOS.

105. Admit the Plaintiff JUAN DIAZ ("DIAZ") worked for LLC.

106. Admit Plaintiff DIAZ worked for LLC during calendar year 2023.

107. Admit Plaintiff DIAZ worked for LLC during calendar year 2024.

108. Admit Plaintiff DIAZ worked for LLC during calendar year 2025.

109. Admit that LLC paid DIAZ in cash, either partly or in full, during his employment.

110. Admit that in 2023, LLC did not maintain accurate time records indicating all hours DIAZ worked.

111. Admit that in 2024, LLC did not maintain accurate time records indicating all hours DIAZ worked.

112. Admit that in 2025, LLC did not maintain accurate time records indicating all hours DIAZ worked.

113. Admit that in 2023, LLC did not maintain payroll records indicating all wages paid to DIAZ.

114. Admit that in 2024, LLC did not maintain payroll records indicating all wages paid to DIAZ.

115. Admit that in 2025, LLC did not maintain payroll records indicating all wages paid to DIAZ.

116. Admit the Plaintiff LUIS JIMENEZ ("JIMENEZ") worked for LLC.

117. Admit Plaintiff JIMENEZ worked for LLC during calendar year 2020.

118. Admit Plaintiff JIMENEZ worked for LLC during calendar year 2023.

119. Admit Plaintiff JIMENEZ worked for LLC during calendar year 2024.

120. Admit Plaintiff JIMENEZ worked for LLC during calendar year 2025.

121. Admit that LLC paid JIMENEZ in cash, either partly or in full, during his employment.

122. Admit that in 2020, LLC did not maintain accurate time records indicating all hours JIMENEZ worked.

123. Admit that in 2023, LLC did not maintain accurate time records indicating all hours JIMENEZ worked.

124. Admit that in 2024, LLC did not maintain accurate time records indicating all hours JIMENEZ worked.

125. Admit that in 2025, LLC did not maintain accurate time records indicating all hours JIMENEZ worked.

126. Admit that in 2020, LLC did not maintain payroll records indicating all wages paid to JIMENEZ.

127. Admit that in 2023, LLC did not maintain payroll records indicating all wages paid to JIMENEZ.

128. Admit that in 2024, LLC did not maintain payroll records indicating all wages paid to JIMENEZ.

129. Admit that in 2025, LLC did not maintain payroll records indicating all wages paid to JIMENEZ.

Dated: June 3, 2026

Respectfully submitted,

By: /s/__________________

Marcus Monteiro, Esq.
*mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Telephone: (516) 280.4600
**Attorneys for Plaintiff**
Collective Plaintiffs and
Class Plaintiffs

To: **BY EMAIL**
Maurizio Savoiardo
MIRANDA SLONG SKLARIN VERVENIOTIS
240 Mineola Blvd.
Mineola, NY 11501
Attorneys for Defendants
msavoiardo@msssv.com
nkitevski@msssv.com
**Attorneys for Defendants**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

WILLIAM VIVIDOR and CARLOS GAITAN, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

JEFFERY EVANS, EVANS & PAUL LLC, E&P HOLDINGS 1, LLC, and EVANS & PAUL UNLIMITED CORP.,

Defendants.

**25-cv-06598-NJC-JMW**

## PLAINTIFFS FIRST REQUEST FOR ADMISSIONS

PLEASE TAKE NOTICE, Plaintiff, Class Plaintiffs, and Opt-in Plaintiffs, by their attorneys, MONTEIRO & FISHMAN LLP, hereby request pursuant to the Federal Rules of Civil Procedure Rules (hereinafter "FRCP") 26 and 36, which are incorporated by reference herein, that Defendant, JEFFERY EVANS ("Defendant" or "EVANS"), within thirty (30) days after service of this request, admit, for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial the following:

## REQUESTS FOR ADMISSIONS

1. Admit that EVANS operates that business generally known as EVANS & PAUL which has a business address at C ("E&P").

2. Admit that EVANS & PAUL LLC ("LLC") is the corporate entity that does or did business as E&P.

3. Admit that E&P HOLDINGS 1, LLC ("HOLDINGS LLC") is the corporate entity that does or did business as E&P.

4. Admit that EVANS & PAUL UNLIMITED CORP ("CORP.") is the corporate entity that does or did business as E&P.

5. Admit that EVANS has/had an ownership interest in the business located at 140 Dupont Street, Plainview, NY 11803.

6. Admit that EVANS has/had an interest in LLC.

7. Admit that EVANS has/had an interest in HOLDINGS LLC.

8. Admit that EVANS has/had an interest in CORP.

9. Admit that EVANS has/had an interest in LDE INSTALLATIONS LLC.

10. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2018.

11. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2019.

12. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2020.

13. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2021.

14. Admit that the CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2022.

15. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2023.

16. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2024.

17. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2025.

18. Admit that CORP. had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2026.

19. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2018.

20. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2019.

21. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2020.

22. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2021.

23. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2022.

24. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2023.

25. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2024.

26. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2025.

27. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2026.

28. Admit that HOLDINGS LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2018.

29. Admit that HOLDINGS LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2019.

30. Admit that HOLDINGS LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2020.

31. Admit that HOLDINGS LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2021.

32. Admit that HOLDINGS LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2022.

33. Admit that HOLDINGS LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2023.

34. Admit that HOLDINGS LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2024.

35. Admit that HOLDINGS LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2025.

36. Admit that HOLDINGS LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2026.

37. Admit that EVANS had the authority to hire and fire employees of CORP. in 2018, whether exercised or not.

38. Admit that EVANS had the authority to hire and fire employees of CORP. in 2019, whether exercised or not.

39. Admit that EVANS had the authority to hire and fire employees of CORP. in 2020, whether exercised or not.

40. Admit that EVANS had the authority to hire and fire employees of CORP. in 2021, whether exercised or not.

41. Admit that EVANS has the authority to hire and fire employees of CORP. in 2022, whether exercised or not.

42. Admit that EVANS has the authority to hire and fire employees of CORP. in 2023, whether exercised or not.

43. Admit that EVANS has the authority to hire and fire employees of CORP. in 2024, whether exercised or not.

44. Admit that EVANS has the authority to hire and fire employees of CORP. in 2025, whether exercised or not.

45. Admit that EVANS has the authority to hire and fire employees of CORP. in 2026, whether exercised or not.

46. Admit that EVANS had the authority to set the wages of employees of CORP. in 2018, whether exercised or not.

47. Admit that EVANS had the authority to set the wages of employees of CORP. in 2019, whether exercised or not.

48. Admit that EVANS had the authority to set the wages of employees of CORP. in 2020, whether exercised or not.

49. Admit that EVANS had the authority to set the wages of employees of CORP. in 2021, whether exercised or not.

50. Admit that EVANS had the authority to set the wages of employees of CORP. in 2022, whether exercised or not.

51. Admit that EVANS has the authority to set the wages of employees of CORP. in 2023, whether exercised or not.

52. Admit that EVANS has the authority to set the wages of employees of CORP. in 2024, whether exercised or not.

53. Admit that EVANS has the authority to set the wages of employees of CORP. in 2025, whether exercised or not.

54. Admit that EVANS has the authority to set the wages of employees of CORP. in 2026, whether exercised or not.

55. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2018, whether exercised or not.

56. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2019, whether exercised or not.

57. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2020, whether exercised or not.

58. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2021, whether exercised or not.

59. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2022, whether exercised or not.

60. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2023, whether exercised or not.

61. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2024, whether exercised or not.

62. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2025, whether exercised or not.

63. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of CORP. in 2026, whether exercised or not.

64. Admit that EVANS had the authority to hire and fire employees of LLC in 2018, whether exercised or not.

65. Admit that EVANS had the authority to hire and fire employees of LLC in 2019, whether exercised or not.

66. Admit that EVANS had the authority to hire and fire employees of LLC in 2020, whether exercised or not.

67. Admit that EVANS had the authority to hire and fire employees of LLC in 2021, whether exercised or not.

68. Admit that EVANS had the authority to hire and fire employees of LLC in 2022, whether exercised or not.

69. Admit that EVANS had the authority to hire and fire employees of LLC in 2023, whether exercised or not.

70. Admit that EVANS had the authority to hire and fire employees of LLC in 2024, whether exercised or not.

71. Admit that EVANS had the authority to hire and fire employees of LLC in 2025, whether exercised or not.

72. Admit that EVANS has the authority to hire and fire employees of LLC in 2026, whether exercised or not.

73. Admit that EVANS had the authority to set the wages of employees of LLC in 2018, whether exercised or not.

74. Admit that EVANS had the authority to set the wages of employees of LLC in 2019, whether exercised or not.

75. Admit that EVANS had the authority to set the wages of employees of LLC in 2020, whether exercised or not.

76. Admit that EVANS had the authority to set the wages of employees of LLC in 2021, whether exercised or not.

77. Admit that EVANS had the authority to set the wages of employees of LLC in 2022, whether exercised or not.

78. Admit that EVANS has the authority to set the wages of employees of LLC in 2023, whether exercised or not.

79. Admit that EVANS has the authority to set the wages of employees of LLC in 2024, whether exercised or not.

80. Admit that EVANS has the authority to set the wages of employees of LLC in 2025, whether exercised or not.

81. Admit that EVANS has the authority to set the wages of employees of LLC in 2026, whether exercised or not.

82. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2018, whether exercised or not.

83. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2019, whether exercised or not.

84. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2020, whether exercised or not.

85. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2021, whether exercised or not.

86. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2022, whether exercised or not.

87. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2023, whether exercised or not.

88. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2024, whether exercised or not.

89. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2025, whether exercised or not.

90. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2026, whether exercised or not.

91. Admit that EVANS had the authority to hire and fire employees of HOLDINGS LLC in 2018, whether exercised or not.

92. Admit that EVANS had the authority to hire and fire employees of HOLDINGS LLC in 2019, whether exercised or not.

93. Admit that EVANS had the authority to hire and fire employees of HOLDINGS LLC in 2020, whether exercised or not.

94. Admit that EVANS had the authority to hire and fire employees of HOLDINGS LLC in 2021, whether exercised or not.

95. Admit that EVANS had the authority to hire and fire employees of HOLDINGS LLC in 2022, whether exercised or not.

96. Admit that EVANS had the authority to hire and fire employees of HOLDINGS LLC in 2023, whether exercised or not.

97. Admit that EVANS had the authority to hire and fire employees of HOLDINGS LLC in 2024, whether exercised or not.

98. Admit that EVANS had the authority to hire and fire employees of HOLDINGS LLC in 2025, whether exercised or not.

99. Admit that EVANS has the authority to hire and fire employees of HOLDINGS LLC in 2026, whether exercised or not.

100. Admit that EVANS had the authority to set the wages of employees of HOLDINGS LLC in 2018, whether exercised or not.

101. Admit that EVANS had the authority to set the wages of employees of HOLDINGS LLC in 2019, whether exercised or not.

102. Admit that EVANS had the authority to set the wages of employees of HOLDINGS LLC in 2020, whether exercised or not.

103. Admit that EVANS had the authority to set the wages of employees of HOLDINGS LLC in 2021, whether exercised or not.

104. Admit that EVANS had the authority to set the wages of employees of HOLDINGS LLC in 2022, whether exercised or not.

105. Admit that EVANS has the authority to set the wages of employees of HOLDINGS LLC in 2023, whether exercised or not.

106. Admit that EVANS has the authority to set the wages of employees of HOLDINGS LLC in 2024, whether exercised or not.

107. Admit that EVANS has the authority to set the wages of employees of HOLDINGS LLC in 2025, whether exercised or not.

108. Admit that EVANS has the authority to set the wages of employees of HOLDINGS LLC in 2026, whether exercised or not.

109. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of HOLDINGS LLC in 2018, whether exercised or not.

110. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of HOLDINGS LLC in 2019, whether exercised or not.

111. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of HOLDINGS LLC in 2020, whether exercised or not.

112. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of HOLDINGS LLC in 2021, whether exercised or not.

113. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of HOLDINGS LLC in 2022, whether exercised or not.

114. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of HOLDINGS LLC in 2023, whether exercised or not.

115. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of HOLDINGS LLC in 2024, whether exercised or not.

116. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of HOLDINGS LLC in 2025, whether exercised or not.

117. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of HOLDINGS LLC in 2026, whether exercised or not.

118. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2018, whether exercised or not.

119. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2019, whether exercised or not.

120. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2020, whether exercised or not.

121. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2021, whether exercised or not.

122. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2022, whether exercised or not.

123. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2023, whether exercised or not.

124. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2024, whether exercised or not.

125. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2025, whether exercised or not.

126. Admit that EVANS had the authority to sign the corporate tax returns of CORP. in 2026, whether exercised or not.

127. Admit the Plaintiff WILLIAM VIVIDO ("WILLIAM") worked for an entity known as CORP.

128. Admit Plaintiff WILLIAM worked for CORP. during calendar year 2022.

129. Admit Plaintiff WILLIAM worked for CORP. during calendar year 2023.

130. Admit Plaintiff WILLIAM worked for CORP. during calendar year 2024.

131. Admit Plaintiff WILLIAM worked for CORP. during calendar year 2025.

132. Admit Plaintiff WILLIAM worked for LLC during calendar year 2022.

133. Admit Plaintiff WILLIAM worked for LLC during calendar year 2023.

134. Admit Plaintiff WILLIAM worked for LLC during calendar year 2024.

135. Admit Plaintiff WILLIAM worked for LLC during calendar year 2025.

136. Admit Plaintiff WILLIAM worked for HOLDINGS LLC during calendar year 2022.

137. Admit Plaintiff WILLIAM worked for HOLDINGS LLC during calendar year 2023.

138. Admit Plaintiff WILLIAM worked for HOLDINGS LLC during calendar year 2024.

139. Admit Plaintiff WILLIAM worked for HOLDINGS LLC during calendar year 2025.

140. Admit that CORP. paid WILLIAM in cash, either partly or in full, during his employment.

141. Admit that LLC paid WILLIAM in cash, either partly or in full, during his employment.

142. Admit that HOLDINGS LLC paid WILLIAM in cash, either partly or in full, during his employment.

143. Admit that WILLIAM did not supervise any other employee and had no supervisory authority whatsoever over any other person working for CORP. .

144. Admit that in 2022, CORP. did not maintain accurate time records indicating all hours WILLIAM worked.

145. Admit that in 2023, CORP. did not maintain accurate time records indicating all hours WILLIAM worked.

146. Admit that in 2024, CORP. did not maintain accurate time records indicating all hours WILLIAM worked.

147. Admit that in 2025, CORP. did not maintain accurate time records indicating all hours WILLIAM worked.

148. Admit that in 2022, CORP. did not maintain payroll records indicating all wages paid to WILLIAM.

149. Admit that in 2023, CORP. did not maintain payroll records indicating all wages paid to WILLIAM.

150. Admit that in 2024, CORP. did not maintain payroll records indicating all wages paid to WILLIAM.

151. Admit that in 2025, CORP. did not maintain payroll records indicating all wages paid to WILLIAM.

152. Admit that in 2022, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

153. Admit that in 2023, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

154. Admit that in 2024, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

155. Admit that in 2025, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

156. Admit that in 2022, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

157. Admit that in 2023, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

158. Admit that in 2024, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

159. Admit that in 2025, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

160. Admit that in 2022, HOLDINGS LLC did not maintain accurate time records indicating all hours WILLIAM worked.

161. Admit that in 2023, HOLDINGS LLC did not maintain accurate time records indicating all hours WILLIAM worked.

162. Admit that in 2024, HOLDINGS LLC did not maintain accurate time records indicating all hours WILLIAM worked.

163. Admit that in 2025, HOLDINGS LLC did not maintain accurate time records indicating all hours WILLIAM worked.

164. Admit that in 2022, HOLDINGS LLC did not maintain payroll records indicating all wages paid to WILLIAM.

165. Admit that in 2023, HOLDINGS LLC did not maintain payroll records indicating all wages paid to WILLIAM.

166. Admit that in 2024, HOLDINGS LLC did not maintain payroll records indicating all wages paid to WILLIAM.

167. Admit that in 2025, HOLDINGS LLC did not maintain payroll records indicating all wages paid to WILLIAM.

168. Admit the Plaintiff, CARLOS worked for an entity known as CORP.

169. Admit CARLOS worked for CORP. during calendar year 2025.

170. Admit CARLOS worked for LLC during calendar year 2025.

171. Admit CARLOS worked for HOLDINGS LLC during calendar year 2025.

172. Admit that CORP. paid CARLOS in cash, either partly or in full, during his employment.

173. Admit that LLC paid CARLOS in cash, either partly or in full, during his employment.

174. Admit that HOLDINGS LLC paid CARLOS in cash, either partly or in full, during his employment.

175. Admit that CARLOS did not supervise any other employee and had no supervisory authority whatsoever over any other person working for CORP.

176. Admit that CARLOS did not supervise any other employee and had no supervisory authority whatsoever over any other person working for LLC.

177. Admit that in 2025, CORP. did not maintain accurate time records indicating all hours CARLOS worked.

178. Admit that in 2025, CORP. did not maintain payroll records indicating all wages paid to CARLOS.

179. Admit that in 2025, LLC did not maintain accurate time records indicating all hours CARLOS worked.

180. Admit that in 2025, LLC did not maintain payroll records indicating all wages paid to CARLOS.

181. Admit that in 2025, HOLDINGS LLC did not maintain accurate time records indicating all hours CARLOS worked.

182. Admit that in 2025, HOLDINGS LLC did not maintain payroll records indicating all wages paid to CARLOS.

183. Admit the Plaintiff JUAN DIAZ ("DIAZ") worked for HOLDINGS LLC.

184. Admit Plaintiff DIAZ worked for HOLDINGS LLC during calendar year 2023.

185. Admit Plaintiff DIAZ worked for HOLDINGS LLC during calendar year 2024.

186. Admit Plaintiff DIAZ worked for HOLDINGS LLC during calendar year 2025.

187. Admit that HOLDINGS LLC paid DIAZ in cash, either partly or in full, during his employment.

188. Admit that in 2023, HOLDINGS LLC did not maintain accurate time records indicating all hours DIAZ worked.

189. Admit that in 2024, HOLDINGS LLC did not maintain accurate time records indicating all

hours DIAZ worked.

190. Admit that in 2025, HOLDINGS LLC did not maintain accurate time records indicating all hours DIAZ worked.

191. Admit that in 2023, HOLDINGS LLC did not maintain payroll records indicating all wages paid to DIAZ.

192. Admit that in 2024, HOLDINGS LLC did not maintain payroll records indicating all wages paid to DIAZ.

193. Admit that in 2025, HOLDINGS LLC did not maintain payroll records indicating all wages paid to DIAZ.

194. Admit the Plaintiff LUIS JIMENEZ ("JIMENEZ") worked for HOLDINGS LLC.

195. Admit Plaintiff JIMENEZ worked for HOLDINGS LLC during calendar year 2020.

196. Admit Plaintiff JIMENEZ worked for HOLDINGS LLC during calendar year 2023.

197. Admit Plaintiff JIMENEZ worked for HOLDINGS LLC during calendar year 2024.

198. Admit Plaintiff JIMENEZ worked for HOLDINGS LLC during calendar year 2025.

199. Admit that HOLDINGS LLC paid JIMENEZ in cash, either partly or in full, during his employment.

200. Admit that in 2020, HOLDINGS LLC did not maintain accurate time records indicating all hours JIMENEZ worked.

201. Admit that in 2023, LLC did not maintain accurate time records indicating all hours JIMENEZ worked.

202. Admit that in 2024, HOLDINGS LLC did not maintain accurate time records indicating all hours JIMENEZ worked.

203. Admit that in 2025, HOLDINGS LLC did not maintain accurate time records indicating all hours JIMENEZ worked.

204. Admit that in 2020, HOLDINGS LLC did not maintain payroll records indicating all wages paid to JIMENEZ.

205. Admit that in 2023, LLC did not maintain payroll records indicating all wages paid to JIMENEZ.

206. Admit that in 2024, HOLDINGS LLC did not maintain payroll records indicating all wages paid to JIMENEZ.

207. Admit that in 2025, HOLDINGS LLC did not maintain payroll records indicating all wages paid to JIMENEZ.

Dated: June 3, 2026

Respectfully submitted,

By: /s/________________
Marcus Monteiro, Esq.
*mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Telephone: (516) 280.4600
**Attorneys for Plaintiff**
Collective Plaintiffs and
Class Plaintiffs

To: **BY EMAIL**
Maurizio Savoiardo
MIRANDA SLONG SKLARIN VERVENIOTIS
240 Mineola Blvd.
Mineola, NY 11501
Attorneys for Defendants
msavoiardo@msssv.com
nkitevski@msssv.com
**Attorneys for Defendants**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

WILLIAM VIVIDOR and CARLOS GAITAN, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

JEFFERY EVANS, EVANS & PAUL LLC, E&P HOLDINGS 1, LLC, and EVANS & PAUL UNLIMITED CORP.,

Defendants.

**25-cv-06598-NJC-JMW**

## PLAINTIFFS FIRST REQUEST FOR ADMISSIONS

PLEASE TAKE NOTICE, Plaintiff, Class Plaintiffs, and Opt-in Plaintiffs, by their attorneys, MONTEIRO & FISHMAN LLP, hereby request pursuant to the Federal Rules of Civil Procedure Rules (hereinafter "FRCP") 26 and 36, which are incorporated by reference herein, that Defendant, EVANS & PAUL LLC ("Defendant" or "LLC"), within thirty (30) days after service of this request, admit, for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial the following:

## REQUESTS FOR ADMISSIONS

1. Admit that JEFFERY EVANS ("EVANS") operates a business known as EVANS & PAUL which has a business address at 140 Dupont Street, Plainview, NY 11803 ("E&P").

2. Admit that EVANS operated a business located at 140 Dupont Street, Plainview, NY 11803 ("E&P").

3. Admit that LLC is the corporate entity that does business as E&P.

4. Admit that EVANS has/had an ownership interest in the business located at 140 Dupont Street, Plainview, NY.

5. Admit that EVANS has an interest in LLC

6. Admit that EVANS has the authority to hire and fire employees of LLC in 2018, whether exercised or not.

7. Admit that EVANS has the authority to hire and fire employees of LLC in 2019, whether exercised or not.

8. Admit that EVANS has the authority to hire and fire employees of LLC in 2020, whether exercised or not.

9. Admit that EVANS has the authority to hire and fire employees of LLC in 2021, whether exercised or not.

10. Admit that EVANS has the authority to hire and fire employees of LLC in 2022, whether exercised or not.

11. Admit that EVANS has the authority to hire and fire employees of LLC in 2023, whether exercised or not.

12. Admit that EVANS has the authority to hire and fire employees of LLC in 2024, whether exercised or not.

13. Admit that EVANS has the authority to hire and fire employees of LLC in 2025, whether exercised or not.

14. Admit that EVANS has the authority to hire and fire employees of LLC in 2026, whether exercised or not.

15. Admit that EVANS had the authority to set the wages of employees of LLC in 2018, whether exercised or not.

16. Admit that EVANS had the authority to set the wages of employees of LLC in 2019, whether exercised or not.

17. Admit that EVANS had the authority to set the wages of employees of LLC in 2020, whether exercised or not.

18. Admit that EVANS had the authority to set the wages of employees of LLC in 2021, whether exercised or not.

19. Admit that EVANS had the authority to set the wages of employees of LLC in 2022, whether exercised or not.

20. Admit that EVANS has the authority to set the wages of employees of LLC in 2023, whether exercised or not.

21. Admit that EVANS has the authority to set the wages of employees of LLC in 2024, whether exercised or not.

22. Admit that EVANS has the authority to set the wages of employees of LLC in 2025, whether exercised or not.

23. Admit that EVANS has the authority to set the wages of employees of LLC in 2026, whether exercised or not.

24. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2018, whether exercised or not.

25. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2019, whether exercised or not.

26. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2020, whether exercised or not.

27. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2021, whether exercised or not.

28. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2022, whether exercised or not.

29. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2023, whether exercised or not.

30. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2024, whether exercised or not.

31. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2025, whether exercised or not.

32. Admit that EVANS had the authority to sign the corporate tax returns of LLC in 2026, whether exercised or not.

33. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2018, whether exercised or not.

34. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2019, whether exercised or not.

35. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2020, whether exercised or not.

36. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2021, whether exercised or not.

37. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2022, whether exercised or not.

38. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2023, whether exercised or not.

39. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2024, whether exercised or not.

40. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2025, whether exercised or not.

41. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of LLC in 2026, whether exercised or not.

42. Admit that EVANS has the authority to hire and fire employees of E&P in 2018, whether exercised or not.

43. Admit that EVANS has the authority to hire and fire employees of E&P in 2019, whether exercised or not.

44. Admit that EVANS has the authority to hire and fire employees of E&P in 2020, whether exercised or not.

45. Admit that EVANS has the authority to hire and fire employees of E&P in 2021, whether exercised or not.

46. Admit that EVANS has the authority to hire and fire employees of E&P in 2022, whether exercised or not.

47. Admit that EVANS has the authority to hire and fire employees of E&P in 2023, whether exercised or not.

48. Admit that EVANS has the authority to hire and fire employees of E&P in 2024, whether exercised or not.

49. Admit that EVANS has the authority to hire and fire employees of E&P in 2025, whether exercised or not.

50. Admit that EVANS has the authority to hire and fire employees of E&P in 2026, whether exercised or not.

51. Admit that EVANS had the authority to set the wages of employees of E&P in 2018, whether exercised or not.

52. Admit that EVANS had the authority to set the wages of employees of E&P in 2019, whether exercised or not.

53. Admit that EVANS had the authority to set the wages of employees of E&P in 2020, whether exercised or not.

54. Admit that EVANS had the authority to set the wages of employees of E&P in 2021, whether exercised or not.

55. Admit that EVANS had the authority to set the wages of employees of E&P in 2022, whether exercised or not.

56. Admit that EVANS has the authority to set the wages of employees of E&P in 2023, whether exercised or not.

57. Admit that EVANS has the authority to set the wages of employees of E&P in 2024, whether exercised or not.

58. Admit that EVANS has the authority to set the wages of employees of E&P in 2025, whether exercised or not.

59. Admit that EVANS has the authority to set the wages of employees of E&P in 2026, whether exercised or not.

60. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2018, whether exercised or not.

61. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2019, whether exercised or not.

62. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2020, whether exercised or not.

63. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2021, whether exercised or not.

64. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2022, whether exercised or not.

65. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2023, whether exercised or not.

66. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2024, whether exercised or not.

67. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2025, whether exercised or not.

68. Admit that EVANS had the authority to change the work schedule, direct and assign types of work, for employees of E&P in 2026, whether exercised or not.

69. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2018.

70. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2019.

71. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2020.

72. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2021.

73. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2022.

74. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2023.

75. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2024.

76. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2025.

77. Admit that LLC had/has a gross annual dollar volume of sales or business of not less than five hundred thousand dollars ($500,000.00) in 2026.

78. Admit the Plaintiff, WILLIAM VIVIDOR ("WILLIAM") worked for an entity known as LLC.

79. Admit Plaintiff WILLIAM worked for LLC during calendar year 2022.

80. Admit Plaintiff WILLIAM worked for LLC during calendar year 2023.

81. Admit Plaintiff WILLIAM worked for LLC during calendar year 2024.

82. Admit Plaintiff WILLIAM worked for LLC during calendar year 2025.

83. Admit Plaintiff WILLIAM worked for E&P during calendar year 2022.

84. Admit Plaintiff WILLIAM worked for E&P during calendar year 2023.

85. Admit Plaintiff WILLIAM worked for E&P during calendar year 2024.

86. Admit Plaintiff WILLIAM worked for E&P during calendar year 2025.

87. Admit that LLC paid WILLIAM in cash, either partly or in full, during his employment.

88. Admit that WILLIAM did not supervise any other employee and had no supervisory authority whatsoever over any other person working for LLC.

89. Admit that in 2022, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

90. Admit that in 2023, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

91. Admit that in 2024, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

92. Admit that in 2025, LLC did not maintain accurate time records indicating all hours WILLIAM worked.

93. Admit that in 2022, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

94. Admit that in 2023, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

95. Admit that in 2024, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

96. Admit that in 2025, LLC did not maintain payroll records indicating all wages paid to WILLIAM.

97. Admit the Plaintiff, CARLOS GAITAN ("CARLOS) worked for an entity known as LLC.

98. Admit CARLOS worked for LLC during calendar year 2025.

99. Admit CARLOS worked for E&P during calendar year 2025.

100. Admit Plaintiff CARLOS worked for an entity known as LLC during calendar year 2025.

101. Admit that LLC paid CARLOS in cash, either partly or in full, during his employment.

102. Admit that CARLOS did not supervise any other employee and had no supervisory authority whatsoever over any other person working for LLC.

103. Admit that in 2025, LLC did not maintain accurate time records indicating all hours CARLOS worked.

104. Admit that in 2022, LLC did not maintain payroll records indicating all wages paid to CARLOS.

Dated: June 3, 2026

Respectfully submitted,

By: /s/________________

Marcus Monteiro, Esq.
*mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Telephone: (516) 280.4600
**Attorneys for Plaintiff**
Collective Plaintiffs and
Class Plaintiffs

To: **BY EMAIL**
Maurizio Savoiardo
MIRANDA SLONG SKLARIN VERVENIOTIS
240 Mineola Blvd.
Mineola, NY 11501
Attorneys for Defendants
msavoiardo@msssv.com
nkitevski@msssv.com
**Attorneys for Defendants**