FILED
CLERK
11/12/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

WILLIAM VIVIDOR, CARLOS GAITAN,
*On behalf of themselves*
*And others similarly situated,*

*Plaintiffs,*

-against-

JEFFERY EVANS, EVANS & PAUL LLC,
E&P HOLDINGS 1, LLC, and
EVANS & PAUL UNLIMITED CORP.,

*Defendants,*

---------------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

25-cv-6598 (NJC)(JMW)

**APPEARANCES:**

Marcus Monteiro, Esq.
**Monteiro & Fishman LLP**
91 N Franklin Street, Suite 108
Hempstead, NY 11550
*Attorney for Plaintiffs*

-and-

Maurizio Savoiardo
Richard B. Epstein
**Miranda Slone Sklarin Verveniotis, LLP**
240 Mineola Boulevard
Mineola, NY 11501
*Attorney for Defendants*

**WICKS**, Magistrate Judge:

Two discovery disputes have arisen that present the following questions: (1) should Defendants should be treated as "one party" for purposes of the 25-interrogatory limit under

Federal Rule of Civil Procedure 33(a)(1), or should Plaintiffs be permitted to serve 25 interrogatories upon each Defendant? and (2) should the Court issue a protective order as to Plaintiffs' requests for admission ("RFA")?

Before the Court are the renewed motions to compel filed by William Vividor ("Vividor") and Carlos Gaitan ("Gaitan") (collectively, "Plaintiffs") (ECF No. 34), the opposition and cross-motion for a protective order filed by Jeffery Evans ("Evans"), Evans & Paul LLC, E&P Holdings 1 LLC, and Evans & Paul Unlimited Corp. (collectively, "Defendants") (ECF No. 35), and Plaintiffs' response (ECF No. 36). For the reasons set forth below, Plaintiffs' motion to compel is **DENIED**, and Defendants' cross-motion for a protective order is **GRANTED** as to the interrogatories and **DENIED** as to the requests for admission.

## BACKGROUND

Plaintiffs bring this putative collective and class action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (ECF No. 1 ¶¶ 1-2.) The corporate Defendants operate a manufacturing business specializing in architectural millwork, cabinetry, stone, glass, and related products in Plainview, New York. (*Id.* ¶¶ 7-10.)

Plaintiffs allege that Evans is a principal, manager, and president of all three corporations and exercises control over their daily operations, including hiring and firing employees, determining wages, supervising work schedules, and maintaining employment records. (*Id.* ¶¶ 12-17.) Plaintiffs further allege that the corporations operate as a "single integrated enterprise," sharing common ownership, management, employees, equipment, supplies, and a principal place of business. (*Id.* ¶¶ 18-22.) Defendants allegedly determined Plaintiffs' compensation, supervised their employment, and maintained their employment records collectively. (*Id.* ¶¶ 23-33.)

Vividor alleges that he worked for Defendants as a carpenter and furniture maker from April 2021 through November 2025, while Gaitan alleges that he worked as a carpenter's assistant and machine worker from June through November 2025. (*Id.* ¶¶ 50, 54.) Both allege that they regularly worked more than 40 hours per week but were paid by check for only the first 40 hours and in cash for additional hours, without overtime premiums. (*Id.* ¶¶ 50-57.) Plaintiffs further allege that Defendants maintained inaccurate records of their hours worked and wages paid. (*Id.* ¶¶ 58-68.)

Plaintiffs seek relief on behalf of themselves and similarly situated employees allegedly subject to the same compensation and recordkeeping practices. (*Id.* ¶¶ 38-45, 63-70.)

On May 29, 2026, Plaintiffs served 25 interrogatories on each of the four Defendants, totaling 100 interrogatories. (ECF No. 34 at 2.) On July 31, 2026, Defendants objected to the interrogatories, asserting that they should be treated as one party for purposes of Rule 33(a)(1) because of their common interests. (*Id.*) Defendants requested that Plaintiffs withdraw the interrogatories and serve a consolidated set limited to 25. (*Id.*) The parties subsequently conferred but were unable to resolve the dispute. (*Id.*)

Plaintiffs also served four sets of RFAs, dated June 3, 2026, totaling 569 requests. (ECF No. 35-3.) The RFAs concern Defendants' ownership and operations, Evans's authority over employment decisions, payroll practices, and employment records. (*Id.*) Many seek separate admissions for each corporate entity and calendar year. (*Id.*) On July 31, 2026, Defendants objected to the RFAs in their entirety, asserting that they were excessive, unduly burdensome, and disproportionate to the litigation. (ECF No. 35-4 at 1-2.) Defendants requested that Plaintiffs withdraw the RFAs but did not provide individual admissions or denials. (*Id.*)

On August 20, 2026, Plaintiffs moved to compel responses to their interrogatories, which Defendants opposed. (ECF No. 25-26.) On October 2, 2026, the Court denied the motion without prejudice, with leave to renew following resolution of a pending Offer of Judgment dispute. (ECF No. 34 at 1.) After that dispute was resolved, Plaintiffs renewed their motion on October 22, 2026. (ECF No. 34.) Defendants filed their opposition and cross-motion for a protective order on October 27, 2026 (ECF No. 35), and Plaintiffs filed their opposition to the cross-motion on November 3, 2026 (ECF No. 36).

## DISCUSSION

### *A. Interrogatories*

Plaintiffs seek to compel responses to 100 interrogatories, arguing that each Defendant's potential liability requires individualized discovery. (ECF No. 34 at 2-3.) Defendants contend that they share common interests and should be treated as one party under Rule 33(a)(1). (ECF No. 35 at 2–3.)

Federal Rule of Civil Procedure 33(a)(1) provides that, unless otherwise stipulated or ordered by the Court, a party may serve "no more than 25 written interrogatories, including all discrete subparts" on any other party. Fed. R. Civ. P. 33(a)(1). The Court may permit additional interrogatories to the extent consistent with Rules 26(b)(1) and (2). *Id.* Rule 26(b)(1) permits discovery of nonprivileged matters "relevant to any party's claim or defense and proportional to the needs of the case," considering, among other factors, the importance of the issues, the parties' access to information and whether the burden or expense outweighs the likely benefit. Fed. R. Civ. P. 26(b)(1). The Court must also limit discovery that is "unreasonably cumulative or duplicative" or obtainable from a less burdensome source. Fed. R. Civ. P. 26(b)(2)(C)(i).

When a party fails to respond to an interrogatory, the requesting party may move to compel a response under Rule 37(a)(3)(B)(iii). Fed. R. Civ. P. 37(a)(3)(B)(iii). Conversely, Rule 26(c)(1) permits the Court, "for good cause," to issue a protective order to protect a party from undue burden or expense, including by limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1).

By its plain terms, Rule 33 provides for twenty-five interrogatories per "party," not per side. Fed. R. Civ. P. 33(a)(1) ("[A] *party* may serve on any other *party* no more than 25 written interrogatories[.]") (emphasis added). Hence, under a literal reading, Plaintiffs should be entitled to all 100 interrogatories they seek, unless the Court finds that a reduction is warranted under Rules 26(b)(2)(C) and 26(c)(1). That said, many courts have questioned the literal reading and instead advocated for a more "sensible" approach, which is to "recognize that in some instances nominally separate parties should be considered one party for purposes of the 25-interrogatory limitation." *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (quoting Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 at 261 (2d ed. 1994)); *see also Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99-cv-11490 (RCC) (FM), 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002).

In *Gonzalez v. United States*, this Court held that two counterclaim defendants should be treated as one party for interrogatory purposes because they shared a common interest arising from the allegations against them and were represented by the same attorney. No. 22-CV-3370 (NRM) (JMW), 2023 WL 3455059, at *5 (E.D.N.Y. May 15, 2023), *aff'd*, No. 2:22-CV-3370 (OEM) (JMW), 2023 WL 7102162 (E.D.N.Y. Oct. 27, 2023). Although the Government argued that each defendant's liability required a separate determination, the Court nevertheless limited discovery to 25 interrogatories collectively. *Id.*

The circumstances here are substantially similar. Plaintiffs allege that Defendants operate as a "single integrated enterprise" under Evans's control, sharing common ownership, management, and employees. (ECF No. 1 ¶¶ 12-22.) Defendants also share counsel, jointly oppose the discovery requests, and assert no conflicting defenses. (ECF No. 35 at 3.) Although Plaintiffs contend that the corporations maintained different payroll records and issued separate payments, those distinctions may justify entity-specific discovery but do not establish that Defendants lack a common interest in the litigation. (ECF No. 36 at 1-2.)

The Court recognizes that *Gonzalez* does not establish a categorical 25-interrogatory limit for all multiparty actions but finds that the circumstances here warrant the same result. Moreover, Plaintiffs have not sufficiently justified exceeding the 25-interrogatory limit. The three corporate sets are substantially repetitive, and Plaintiffs have not demonstrated why consolidated interrogatories, or alternative discovery methods would be inadequate. (ECF No. 35-2.) *See Gonzalez*, 2023 WL 3455059, at *4-5. Accordingly, Defendants shall be treated as one party for purposes of Rule 33(a)(1). Plaintiffs' motion to compel is **DENIED**, and Defendants' cross-motion is **GRANTED** as to the interrogatories.

***B. Requests for Admission***

Defendants seek a protective order striking Plaintiffs' 569 requests for admission ("RFAs") as unduly burdensome and disproportionate to the needs of the case. (ECF No. 35 at 4-6.) Defendants argue that the requests were served prematurely, before depositions, and seek information better obtained through other discovery methods. (*Id.* at 5.) Plaintiffs contend that the requests concern relevant, discrete facts and that their number alone does not establish an undue burden. (ECF No. 36 at 3-5.) Plaintiffs further argue that Defendants' failure to timely respond resulted in the matters being deemed admitted under Rule 36(a)(3). (*Id.* at 2-3.)

Federal Rule of Civil Procedure 36(a)(1) permits a party to request admissions concerning facts, the application of law to fact, or the genuineness of documents. Fed. R. Civ. P. 36(a)(1). Each matter must be separately stated, and Rule 36 imposes no numerical limit on requests for admission. Fed. R. Civ. P. 36(a)(2). Under Rule 36(a)(3), a matter is admitted unless the responding party serves a written answer or objection within 30 days after service, unless a different deadline applies. Fed. R. Civ. P. 36(a)(3). Objections must state their grounds. Fed. R. Civ. P. 36(a)(5). Once admitted, a matter is conclusively established unless the Court permits withdrawal or amendment under Rule 36(b). Fed. R. Civ. P. 36(b).

Although Rule 36 imposes no numerical limit, courts may restrict RFAs that are unduly burdensome or disproportionate to the needs of the case. *See BAT LLC v. TD Bank, N.A.*, No. 15-CV-5839, 2018 WL 3626428, at *6 (E.D.N.Y. July 30, 2018) (granting a protective order where the requests were repetitive, confusing, and unduly burdensome). However, the number of requests alone does not establish an undue burden. *Pasternak v. Dow Kim*, No. 10-CV-5045, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011). Here, the RFAs concern Defendants' ownership, employment practices, and recordkeeping obligations, which are directly relevant to Plaintiffs' claims. (ECF No. 35-3.)

Plaintiffs assert that the reason there are so many requests is that each is narrowly tailored. (ECF No. 36.) For instance, rather than "admit that Plaintiffs worked for Defendants during the relevant period," Plaintiffs break the inquiry up by Plaintiff, Defendant, and calendar year. (*See* ECF No. 35-3.) Similarly, the inquiry as to whether Defendant Evans had authority over the three corporate Defendants is likewise broken out by Defendant, calendar year, and type of authority (hiring, setting wages, signing tax returns, and so on). (*Id.*) While that attention to detail is admirable, it does not on its own account for all 569 requests. Plaintiffs went a step

further and asked the *exact same questions* at least twice: once to Defendant Evans, and once to each of the three corporate Defendants. (*Id.*) In some cases the same question is repeated verbatim three times. (*Id.*) These requests are duplicative, especially in light of the Complaint's allegations that all four Defendants acted as a single entity.

However, despite Plaintiffs' overreach, the time for objections has passed. The RFAs are dated June 3, 2026. (*Id.* at 39.) Defendants did not object until July 31, 2026. (ECF No. 27 at 2; ECF No. 35-4.) Absent an extension, the response deadline expired on July 6, 2026, accounting for the intervening federal holiday and weekend. *See* Fed. R. Civ. P. 6(a)(1)(C), 36(a)(3). Under Rule 36(a)(3), matters not timely answered or objected to are deemed admitted. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Manny P. Concrete Co.*, 145 F.4th 204, 208-11 (2d Cir. 2025). Although Rule 36(b) permits withdrawal or amendment of admissions, Defendants have not sought such relief or addressed the requirements for withdrawal.

Accordingly, Defendants' cross-motion for a protective order is **DENIED** as to the RFAs. The requests are deemed admitted under Rule 36(a)(3), without prejudice to a properly supported motion for withdrawal or amendment under Rule 36(b).

**CONCLUSION**

For the reasons stated above, Plaintiffs' motion to compel (ECF No. 34) is **DENIED**, and Defendants' cross-motion for a protective order (ECF No. 35) is **GRANTED** as to the interrogatories and **DENIED** as to the request for admissions. Plaintiffs are permitted to serve no more than 25 revised interrogatories collectively upon Defendants. The requests for admission are deemed admitted under Rule 36(a)(3) without prejudice to Defendants to submit a properly supported motion for withdrawal or amendment under Rule 36(b).

Dated: Central Islip, New York
November 12, 2026

**S O O R D E R E D:**

/S/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge